IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MYNETTE MCCAIN**                                                                              **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO.: 3:19-cv-00253-DMB-JMV**

**GAGE VANCE**, *Lafayette County Metro Narcotics Agent*
**ARIC STRATTON**, *Lafayette County Metro Narcotics Agent*
**ALEX FAUVER**, *Lafayette County Metro Narcotics Agent*
**TIMMY PRUITT**, *Lafayette County Sheriff Department*
**LAFAYETTE COUNTY**                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

Plaintiff, acting *pro se* and utilizing the form for filing a non-prisoner complaint under 42 U.S.C. § 1983, filed the instant action on November 12, 2019. She simultaneously sought leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. As explained hereafter, the undersigned grants the plaintiff pauper status, but recommends that the action itself be dismissed for futility pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Background

Viewed liberally, as the court is mandated to do where the plaintiff is proceeding *pro se*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff purports to assert the following claims:[1]

---

[1] The entirety of the narrative portion of plaintiff's complaint follows:

emotional distress

On September 20th 2016, the time around 10:45 at the loction of 32 county road 522 Como Ms. Lafayette County Narcotics unit agents Gage Vance, Alex fauver, Aric Stratton and an unidentified male, along with Lafayette County Sheriff Timmy Prueitt. Tresspass upon my property, papers, and persons. By entering the home of said location, without warrant or probable cause. Agents wore street clothing without any badges shown. Identity concealed with baseball hats, and eye wear(shades).

Brandishing fire arms, physical and verbal assault using color of law to unlawfully Trespass, and imprison, Mynette McCain(62), Detrone Rasgdale(42), Douglas Ragsdale(44) and Bettie Ragsdale(92) inside the property (home).

For around three hours we were unlawfully imprisoned. while case Agent Vance, Gage applied for a warrant. Agent Vance then arrives and still without a warrant or probable cause being shown, Agent Vance arrest my sons, Douglas and Detrone Ragsdale.

Federal claims: A claim under § 1983 for 1) her unlawful arrest and three-hour detention, in violation of her constitutional but otherwise unspecified, rights on September 20, 2016; and 2) her sons' malicious prosecutions.

State law claim: A claim that her sons were maliciously prosecuted resulting in her emotional distress.

*In Forma Pauperis* Application

28 U.S.C. § 1915(a) ("§ 1915") allows federal courts the discretion to "authorize the commencement, prosecution or defense of any suit... without prepayment of fees or security therefor." An affidavit to proceed *in forma pauperis* is sufficient if it shows that the applicant cannot afford to pay for the costs of litigation and still provide for himself and any dependents. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The undersigned finds that the Plaintiff has made the requisite showing of indigency and shall proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. However, the Clerk shall not issue summons for the defendants listed in the complaint at this juncture.

---

Because no one had any badges, concealed identity, brandishing firearms, without any reason, (probable cause). Using physical assault and color of law to Trespass and to unlawfully imprison the people in the property. Mynette McCain felt terrified that the offenders was there to murder them, and started to video, the unlawful malicious acts.

Through the two years of my two oldest sons being maliciously prosecusted, I (Mynette McCain) as the family was going through extreme emotional distress. The fact that there was no warrant, probable cause, witnesses or evidence my sons Detrone and Douglas Ragsdale was indicted. This was something our family has never experienced. Not one of us, has any criminal record.

I (mynette McCain) was at nearly every docket call, as well as scheduled meetings.In distress that my sons will be imprisoned i traveled from Milwaukee WI to Como Ms regularly, through the to two years of Detrone and Douglas being indicted.

Even though the case is now dismissed, we still live in fear .Because of the negligent, Malicious unlawful acts.

Doc. #1 at 3.

**Law and Analysis**

28 U.S.C. § 1915(e)(2)(B) imposes a screening responsibility on the district court when the plaintiff has been granted pauper status. That section provides in relevant parts as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In the instant case, to the extent plaintiff might be said to have otherwise adequately stated a constitutional violation under 28 U.S.C. § 1983 ("§ 1983") for her unlawful arrest and detention on Sept., 20, 2016, that claim is nevertheless futile as she failed to assert it within the applicable three year statute of limitations.[2] *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (District courts may dismiss claims *sua sponte* under § 1915(d) where "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations.") (citation omitted).

As for any § 1983 claim said to have resulted from the malicious prosecution of her sons, it is well established that a civil rights claim must be based upon a violation of a plaintiff's personal rights secured by the Constitution. A bystander who is not the object of police action cannot recover for resulting emotional injuries under § 1983. *See Khansari v. City of Houston*, 14 F. Supp. 3d 842, 863–64 (S.D. Tex. 2014) (citing *Grandstaff v. City of Borger, Texas,* 767 F.2d 161, 172 (5th Cir.1985), *cert. denied,* 480 U.S. 916 (1987); *Coon v. Ledbetter,* 780 F.2d 1158, 1160 (5th Cir.1986)).

---

[2] This Court applies Mississippi's three-year personal injury limitations period to § 1983 claims. *See Worley Brown, LLC v. Mississippi Dep't of Archives & History*, No. 3:10CV394 HTW-LRA, 2012 WL 1424398, at *7 (S.D. Miss. Apr. 24, 2012) (citing Mississippi Code § 15–1–49). Since, the alleged offending conduct occurred on September 20, 2016, more than three years lapsed before plaintiff filed suit on November 12, 2019.

Finally, as for any state law claim for distress caused by the alleged malicious prosecution of her sons, it is similarly established that that no such claim—even if the court otherwise had jurisdiction over the same—is recognized in Mississippi. *See Downtown Grill, Inc. v. Connell*, 721 So. 2d 1113, 1121–23 (Miss. 1998) (The parents of a child brought suit to recover for their distress over their son's alleged malicious prosecution. In that case, the court, citing a litany of cases in support, held that it was "self-evident" that no one can state a claim for emotional distress due to malicious prosecution other the person claiming to have been maliciously prosecuted.).

## Recommendation

For all of the foregoing reasons, the undersigned recommends that this action be dismissed for futility, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Procedure for Filing Objections

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this Wednesday, January 15, 2020.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**