# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**MYNETTE MCCAIN**                                                           **PLAINTIFF**

**V.**                                                                      **NO. 3:19-CV-253-DMB-JMV**

**GAGE VANCE, ARIC STRATTON,**
**ALEX FAUVER, TIMMY PRUITT,**
**and LAFAYETTE COUNTY**                                      **DEFENDANTS**

## ORDER

Before the Court is the January 15, 2020, Report and Recommendation of United States Magistrate Judge Jane M. Virden. Doc. #4.

## I
## Procedural History

On November 12, 2019, Mynette McCain filed a "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" against Lafayette County Narcotics Agents Gage Vance, Aric Stratton, and Alex Fauver; Timmy Pruitt with the "Lafayette County Sher[r]iff Department;" and Lafayette County. Doc. #1. The complaint alleges that on September 20, 2016, Vance, Stratton, Fauver, and Pruitt trespassed on McCain's property without a warrant or probable cause, "unlawfully imprisoned" her in her home, and assaulted her before arresting her two sons. *Id.* at PageID #3. The complaint also alleges that McCain suffers from "extreme emotional stress" from her sons being "maliciously prosecuted" as a result of their arrest.[1] *Id.*

On January 15, 2020, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation ("R&R") recommending that this case "be dismissed for futility." Doc. #4 at 1.

---

[1] The same day the complaint was filed, McCain filed a motion to proceed in forma pauperis, which was granted. Docs. #2, #4.

On February 11, 2020,[2] McCain filed an objection to the R&R. Doc. #8.

## II
## Standard

Under 28 U.S.C § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

## III
## Analysis

The R&R recommends dismissing this case because (1) to the extent McCain states a § 1983 claim "for her unlawful arrest and detention," the claim is "futile as she failed to assert it within the applicable three year statute of limitations;" (2) one cannot recover for emotional distress injuries under § 1983 due to the malicious prosecution of another; and (3) to the extent McCain asserts a claim for emotional distress under state law, Mississippi does not recognize a claim for emotional distress due to the malicious prosecution of others. Doc. #4 at 3–4.

McCain's objection consists of three sentences:

> In response to the report and recommendation. The named defenders in this case has violated the 5th amendment of the Constitution. The discovery of these violations was at the time [my sons'] criminal case was dismissed. Oct. 4th 2019.

Doc. #8. Though unclear, McCain, by pointing out the date of the "discovery of these violations," appears to object only to the R&R's finding that, to the extent she asserts a claim of "unlawful arrest and detention" under § 1983, the claim is barred by the applicable three-year statute of limitations. Accordingly, the Court will conduct a de novo review of only the portion of the R&R

---

[2] McCain sought and received an extension of the deadline to respond. Doc. #6.

as to that finding and review the rest of the R&R for clear error.

Judge Virden found that the statute of limitations applied to the extent McCain "might be said to have otherwise adequately stated" a claim "for her unlawful arrest and detention." Doc. #4 at 3. However, McCain does not appear to claim that she herself was arrested. Rather, she alleges her two sons were arrested. *See* Doc. #1 at PageID #3.

McCain's allegation that she was "unlawfully imprisoned" is better understood as asserting a claim of false imprisonment. *See Whitten v. Cox*, 799 So. 2d 1, 9 (Miss. 2000) ("False imprisonment is an intentional tort comprised of two elements: (1) detention of the plaintiff; and (2) that such a detention was unlawful."). Regardless of its characterization, to the extent the claim was brought under § 1983, it is barred by the statute of limitations.

> The limitations period for a § 1983 claim is determined by the forum state's statute for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Mississippi, § 1983 suits are governed by the general statute of limitations, which requires the commencement of an action within three years of the action's accrual. *See* Miss.Code Ann. § 15–1–49; *see also James v. Sadler*, 909 F.2d 834, 836 (5th Cir.1990) (finding in § 1983 suit that "the three year residual period provided by Section 15–1–49, Miss.Code Ann. applies").

*Walker v. Epps*, 587 F. Supp. 2d 763, 767 (N.D. Miss. 2008).

Here, the alleged false imprisonment occurred on September 20, 2016. McCain's complaint was filed more than three years later on November 12, 2019. To the extent McCain contends in her objection that her "discovery" of the matter did not occur until October 4, 2019, the objection must be overruled.

> While the State statute of limitations is borrowed for purposes of a § 1983 action, federal law governs when a cause of action accrues. … A cause of action accrues under federal law when the action is complete and present, which is when the plaintiff can file suit and obtain relief. When the plaintiff knows or has sufficient information to know that he has suffered an injury, his cause of action accrues from that moment.

*Id.* (cleaned up). A claim of false imprisonment accrues "when the alleged false imprisonment

3

ends." *Wallace v. Kato*, 549 U.S. 384, 389 (2007).

The statute of limitations for McCain's claim of false imprisonment under § 1983 began to accrue once her alleged false imprisonment of "three hours" ended on September 20, 2016.[3] *See* Doc. #1 at PageID #3. Therefore, McCain had until September 20, 2019, to bring her claim. As McCain's complaint was filed on November 12, 2019, her claim of false imprisonment is barred by the statute of limitations, as the R&R correctly found.[4]

Having reviewed the remainder of the R&R, the Court does not find it to be clearly erroneous or contrary to law.[5]

### IV
### Conclusion

The Report and Recommendation [4] is **ADOPTED in Part and REJECTED in Part**. It is REJECTED to the extent it states McCain asserted a claim for unlawful arrest. It is ADOPTED in all other respects. This case is **DISMISSED with prejudice**.

**SO ORDERED**, this 21st day of April, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] McCain alleges the defendants entered her home "around 10:45" on September 20, 2016. Doc. #1 at PageID #3. If the defendants entered her home at 10:45 p.m. and falsely imprisoned her for three hours, the alleged false imprisonment would have ended in the early morning hours of September 21, 2016. The claim would still be untimely.

[4] To the extent the false imprisonment claim was brought under Mississippi state law, it is barred as well. "All actions for … false imprisonment … shall be commenced within one (1) year next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-35. There is no discovery rule for this one-year limitations period. *Raddin v. Manchester Educ. Found., Inc.*, 175 So. 3d 1243, 1249 (Miss. 2015) ("The discovery rule applies only in actions for which no other period of limitation is prescribed.") (cleaned up).

[5] To the extent McCain asserts claims of assault and trespass under § 1983 with respect to events on September 20, 2016, they too are barred. *See Walker*, 587 F. Supp. 2d at 767 (§ 1983 claims brought in Mississippi are governed by a three-year statute of limitations). They are also barred if brought under state law. *See* Miss. Code Ann. § 15-1-35 ("All actions for assault … shall be commenced within one (1) year next after the cause of such action accrued, and not after."); Miss. Code Ann. § 15-1-49(1) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."); *see also Jourdan River Estates, LLC v. Favre*, 278 So. 3d 1135, 1148 (Miss. 2019) (applying Mississippi's three-year catch-all statute of limitations to the tort of trespass).